WCH:ld

04-22108

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CIV-HIGHSMITH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAGISTRATE JUDGE
TURNOFF

FORTY NINE THOUSAND THREE
HUNDRED AND THIRTY SEVEN DOLLARS
($49,337.00) IN U.S. CURRENCY,
AND
TEN THOUSAND DOLLARS
($10,000.00) IN U.S. CURRENCY,

    Defendants.
_____/



## COMPLAINT FOR FORFEITURE IN REM

    Plaintiff, United States of America, hereby files this Complaint for Forfeiture in Rem and states:

    1.    This is a civil action for forfeiture in rem of FORTY NINE THOUSAND THREE HUNDRED AND THIRTY SEVEN DOLLARS ($49,337.00) IN U.S. CURRENCY, AND TEN THOUSAND DOLLARS ($10,000.00) IN U.S. CURRENCY, ("defendant currency").

    2.    This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355(a), (b)(1) and 1395, in that the defendant currency was seized in the Southern District of Florida and will remain within the District during the pendency of this action.

    3.    The United States seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6) arising from violations of 21 U.S.C. § 801 et seq.

## FACTS

4. On or about June 11, 2002, federal and state law enforcement officers were conducting a surveillance of a potential narcotics sale between Steven A. Ferere and Ernest Yacinthe Dorsainvil.

5. On June 11, 2002, at approximately 11:40 A.M., Dorsainvil drove his Volkswagen to the parking lot adjacent to the Burger King Restaurant located at NE 187th Street and NE 2nd Avenue, Miami, Florida where he was observed sitting in his car speaking on a cellular telephone.

6. At approximately 12:30 P.M., a Ford Focus, driven by Ferere, entered the parking lot and parked away from Dorsainvil's car.

7. Ferere and Dorsainvil simultaneously exchanged their vehicles whereupon Ferere drove away from the parking lot in Dorsainvil's Volkswagen while Dorsainvil remained waiting in the front passenger seat of the Ford Focus previously driven by Ferere.

8. Surveillance officers followed Ferere to a residence located at 121 NW 162nd Street, Miami, Florida where Ferere drove the Volkswagen into the garage attached to the residence and closed the garage door.

9. After a few minutes, the garage door opened and Ferere drove back to the Burger King parking lot. Upon arrival at the parking lot, Ferere exited the Volkswagen and entered the driver's seat of the Ford and a short discussion ensued between Ferere and Dorsainvil. Ferere then drove Dorsainvil to the Volkswagen and both Ferere and Dordainvil departed the parking lot in their own cars, each separately followed by law enforcement officers.

10. Dorsainvil entered Interstate 95, heading southbound and drove in a reckless and erratic fashion, weaving in and out of traffic until he exited the interstate and proceeded to a residence

located at 761 NW 47th Terrace, Miami, Florida at which time he drove into a carport and was observed watching the street in front of this home.

11. Dorsainvil was approached by law enforcement officers and consented to a search of his automobile. The detectives found approximately three kilograms of cocaine hydrochloride in the front and back seats of Dorsainvil's car.

12. Ferere, on the other hand, proceeded to Interstate 95 and was stopped at the off ramp at the 125th Street Exit by an officer of the Florida Highway Patrol after which Ferere consented to a search of his vehicle.

13. A canine unit was brought to the place where Ferere was stopped and alerted to the presence of narcotics in the rear of the Ford Focus Ferere was driving. Officers found $10,000.00 in United States currency in the trunk.

14. Ferere denied knowing Dorsainvil and also denied being at the Burger King parking lot earlier the same day.

15. A search warrant was executed for the residence located at 121 N.W. 162nd Street, Miami, Florida, the residence where Ferere previously drove Dorsainvil's car.

16. Found inside this residence was $49,337.00 in United States currency, drug ledgers, a weapon, ammunition, a digital scale and approximately two kilograms of cocaine hydrochloride.

17. Ferere and Dorsainvil were arrested by federal law enforcement agents and subsequently charged in a three count Indictment in the case of <u>United States v. Ernest Yacinthe Dorsainvil and Steven A. Ferere</u>, Case No 02-20562-CR-JORDAN. Count 1 charged Dorsainvil and Ferere with conspiracy to possess cocaine with intent to distribute in violation of Title 21, United States Code, Section 846. Count 2 charged both Dorsainvil and Ferere with possession of cocaine with intent to

distribute in violation of Title 21, United States Code, Section 841(a)(1) while Count 3 charged Ferere alone with violating Title 21, United States Code, Section 841(a)(1), stemming from his activities at the residence located at 121 NW 162nd Street, Miami, Florida. In addition to these charges, the Indictment sought, through a Bill of Particulars, the forfeiture, inter alia, of all of Dorsainvil's and Ferere's interest in a) $49,337.00 in United States currency, and b) $10,000.00 in United States currency, pursuant to Title 21, United States Code, Section 853, as property constituting or derived from proceeds which the defendant obtained directly or indirectly as the result of such violations and any property used or intended to be used to facilitate the above-described charges.

18.   On or about October 15, 2002, Dorsainvil pled guilty to Count 1 of the Indictment and consented to the forfeiture of the defendant currency. An Amended Final Order of Forfeiture was entered on June 30, 2003, forfeiting, inter alia, Dorsainvil's interest in the defendant currency to the United States.

19.   While on bond, Ferere violated the terms of his pre-trial release by failing to report to his pre-trial officer as a required condition of bond and a warrant was issued for his arrest.

20.   As of the date of filing this Complaint for forfeiture in rem, Steven A. Ferere remains a fugitive and his whereabouts are unknown.

21.   Based on the foregoing, the defendant currency constitutes Steven A. Ferere's interest in all moneys furnished, or intended to be furnished by any person in exchange for a controlled substance or all proceeds traceable to such an exchange and all moneys used or intended to be used to facilitate any violation of Title 21, United States Code, Section 801, et seq,. and is thereby forfeit to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, Plaintiff United States of America requests that a warrant of arrest be issued

for the defendant property; that the Court direct any and all persons having any claim to the defendant property to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, together with such other and further relief as may be just; that the defendant property be condemned and forfeited to the United States of America for disposition according to law; and that the Plaintiff be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
WILLIAM C. HEALY
Assistant U.S. Attorney
99 NE 4th Street
Miami, Florida 33132-2111
Fla. Bar No. 0848395
Tel: (305) 961-9438
Fax: (305) 536-7599
william.healy@usdoj.gov

## **VERIFICATION**

I, Alexander Armitage, Special Agent, United States Drug Enforcement Administration, hereby declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture in Rem is based upon information known and/or was imparted to me, and that the facts alleged therein are true and correct to the best of my knowledge and belief.

EXECUTED, on this 19 day of August 2004.

*Armitage* [signature]

ALEXANDER ARMITAGE
SPECIAL AGENT
UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

04-22108

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-HIGHSMITH

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
FORTY NINE THOUSAND THREE HUNDRED AND THIRTY AND
TEN THOUSAND DOLLARS ($10,000.00) IN U.S. CURRENCY,

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

MAGISTRATE JUDGE
TURNOFF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
UNITED STATES ATTORNEY'S OFFICE
ATTN: WILLIAM C. HEALY, AUSA
99 N.E. 4TH STREET, 7TH FL, MIAMI, FLORIDA 33132-2111
(305) 961-9438

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | PERSONAL INJURY | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury - Med. Malpractice | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | B☐ 630 Liquor Laws | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B☐ 640 R.R & Truck | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | B☐ 650 Airline Regs. | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | B☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | B☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PERSONAL PROPERTY | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 370 Other Fraud | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | ☐ 371 Truth in Lending | A LABOR | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | |
| | | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | |
| | | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | |
| | | A☐ 535 Death Penalty | FEDERAL TAX SUITS | |
| | | B☐ 540 Mandamus & Other | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | B☐ 550 Civil Rights | A☐ 871 IRS - Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)
21 U.S.C. § 881(a)(6)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.